ALEXANDER T. MILLER

v.

THOMAS W. DYAS, ADMINISTRATOR, ETC..

*Partnership—Bill for Accounting—Practice—Reference to Master—Stipulation to Ignore Findings.*

This court will not consider a case tried upon the pleadings and evidence, subsequent to a reference to a master and under a stipulation by counsel to ignore his findings.

Miller v. Dyas.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. J. F. CARROTT and Mr. J. H. WILLIAMS, for appellant.

Mr. J. C. BROADY, for appellee.

PLEASANTS, J.  This was a bill filed by appellee to settle the affairs and state the account between appellant and the deceased, who, under written articles, had carried on the ice business in partnership for more than five years and until the death of the latter, without any settlement.  Miller alone conducted the business, for which he was to receive a salary in addition to his share of the profits.  Each party claimed a balance as due him from the other.

The record contains some three hundred and fifty pages of evidence, embracing numerous accounts from partnership and other books, notes, checks and other papers, with explanations requiring much time and close attention to understand in their bearing upon the respective claims of the parties.  It presents a case that, according to the practice in chancery as often declared by the Supreme Court, should have been referred to the master to ascertain and state the account, and heard upon specific exceptions to his report.

It was so referred, and he made report; but it was finally heard upon the pleadings and evidence, upon an agreement between the parties, as recited in the decree, "that the cause shall be heard and decided by the court, irrespective and regardless of any findings of the master in chancery in his said report or supplemental report, or any exceptions or objections thereto on file herein."

The findings and exceptions or objections referred to do not appear in the abstract, and might as well not be, if they are, in the record.

We can not sanction this practice, nor undertake to go over the whole case in order to determine whether the

balance found by the court was or was not correct. In Moss
v. McCall, 75 Ill. 190, the Supreme Court say, on page 196:
"Counsel will not be permitted, by stipulation or otherwise,
to impose upon an Appellate Court the performance of
duties that should be performed by the master in chancery,"
and cite the authorities which establish the proper and only
proper course of proceeding in such cases. See also Patten
v. Patten, Ibid. 446.

Therefore, without considering the points made in argu-
ment here, we reverse the decree and remand the cause.

*Reversed and remanded.*